THIS suit was brought for the purpose of foreclos-the equity of redemption in a lot of land which was ofconveyed by defendant, B. Casey, to trustees for the benefit of his wife, whose estate was intended to be secured to her by marriage settlement, independent of her husband. The, lot was purchased by him and partly pdid for with money belonging to her, and some buildings were erected thereon, but not finished. He applied to complainant’s testator for a loan of $ 2000, to complete them, and after various negotiations it was at length agreed that the lot should he mortgaged for securing the repayment of the money. The mortgage was accordingly executed ; his wife joined in it, and released all her interest and estate therein, and all her right and claim of dower before a Justice of the Quorum. *85 This is a singular case : the whole transaction has been a series of blunders from first to last. The titles of the lot were improperly made in the first instance to defendant, B. Casey, instead of the trustees. His assignment to them a few days afterwards was defective, he having conveyed to them only an estate for life, instead of the fee simple; and lastly the wife who joined in the mortgage, released her right and estate perhaps rather informally before a Justice of the Quorum, instead of one Of the Judges of the Common Pleas. The facts being as above stated, the question now is, whether the Court can or will under all the circumstances of the case, remedy the defects in these conveyances, and place the parties in the situation they would have been if the titles had been properly drawn at first. It is the peculiar province of this Court to correct and remedy all defects in conveyances which are occasioned either by mistake or ignorance, thereby to do complete justice to the parties interested, where the case is not affected with fraud. If the titles to the lot had been (as they ought to have been) made originally to the trustees, the defendant, Mrs. Casey, would have been entitled to possession of the premises under the statute •, and in virtue of the power reserved to her by the settlement, she might have disposed of the property as she thought fit; it not being subject to her husband’s control. And if she had mortgaged it to complainant’s testator, for a valuable consideration of money actually paid, and that too avowedly for the purpose of ameliorating the trust property, as is testified by Miss Muckenfuss, the Court would undoubtedly decree the repayment of the money, or foreclose the mortgage on failure thereof, as was done in the case of the assignees of Kiennan vs. Spicren and wife, a few terms past. Should then the mere informality of Mrs. Casey’s having released her estate or interest, before a Justice of the Quorum, induce a different determination ? Certainly not. The justice and equity of complainant’s claim is tho same, in which way soever the renunciation is taken; and as this Court *86 which regards the substance, and not the form, looks on that as done which ought to have been done, it would compel defendants to pei’formance of their contract, by first directing the titles to be perfected, and then decree-repayment of the money borrowed, or on failure thereof a foreclosure of the mortgage, and a sale of the property for that purpose ,* but as this case is circumstanced, the defendant, Mrs. Casey, having under the assignment to the trustees but a life estate, and that too only in the event of her surviving her husband, her renunciation, it would seem, was of little consequence. Upon an attentive review of this case, it does not appear to be contaminated either with fraud on the part of the defendant j or usury, as was alleged, on part of complainant’s testator: but that the whole business was conducted altogether in mistake and ignorance. In order therefore that substantial and equal justice may be done, and the rights of the respective parties be preserved, consistent with the principles of equity, it is ordered and decreed, that the lot in bill mentioned be sold by the master on a credit of one, two and three years,• that the purchaser give bond and personal security, with a mortgage of the premises for the purchase money, payable with interest; that after all the incumbrances on the lot are fully satisfied and paid, together with the costs of suit, the balance of the purchase money be paid over to the trustees, to be applied agreeable to the uses contained in the marriage settlement; that it be referred to the master to ascertain and report the sums respectively due, and for the payment of which the property is liable and chargeable.
There was no appeal from this decree.